IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,580 & 75,581






EX PARTE BILLY FREDERICK ALLEN, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NUMBERS F-83-86548-KN AND F-83-85579-HN 


IN THE 195TH JUDICIAL DISTRICT COURT OF DALLAS COUNTY





 Cochran, J., filed a concurring opinion.


OPINION 



 I join the majority opinion which grants relief on applicant's ineffective assistance of
counsel claim. I write separately only to emphasize that, in granting applicant a new trial,
we are merely accepting the findings of fact entered on several different occasions by the
experienced trial judge. Those factual findings and credibility assessments are supported by
the record. It is largely irrelevant that the record contains other, conflicting facts or that other
credibility assessments could be made by a different factfinder. 

 Ever since his conviction in 1984, applicant has consistently maintained his innocence
and has filed numerous applications for a writ of habeas corpus to obtain relief. The trial
judge, the Honorable John Nelms, has repeatedly recommended that this Court grant habeas
relief "in the interests of justice." We have repeatedly rejected Judge Nelm's
recommendation in applicant's previous applications for relief. In his findings on this
subsequent application, filed in January of 2005, Judge Nelms stated:

 This Court in response to previous applications for writ of habeas corpus filed
by Applicant recommended that Applicant receive a new trial. The Court of
Criminal Appeals has chosen not to agree with this Court and has denied
Applicant's previous applications.

One senses Judge Nelms's palpable frustration. This Court almost always adopts a trial
judge's factual findings and follows his recommendations when that recommendation is to
deny relief, but deference is significantly less likely when his recommendation is to grant
relief. If we are genuinely concerned about the integrity of criminal convictions in this state,
we must adopt one single rule for the review of a trial court's factual findings and apply that
rule across the board. Because the trial judge's factual findings and credibility
assessments-the murder victim told the responding EMS paramedic that Billy Wayne Allen
shot him-are supported by the record, I agree with his ultimate recommendation that
applicant is entitled to habeas relief on his ineffective assistance of counsel claim. (1)


Filed: February 4, 2009

Do Not Publish
1. This ineffective assistance of counsel claim, brought in a subsequent writ application,
would be procedurally barred but for applicant's "gateway" credible claim of actual innocence
under Tex. Code Crim. Proc. art. 11.07, § 4(a). Evidence that the murder victim, with his dying
breath, told a disinterested witness that someone other than the applicant had shot him surely
qualifies as a credible claim of actual innocence in a murder case.